Donald E Iwuchuku, Esq.
**LAW OFFICES OF DONALD IWUCHUKWU**
21550 Oxnard St., 3rd Floor
Woodland Hills, CA 91367
Tel: 213-380-4144
Fax: 213-380-6061 / 888-441-8493
Email: donaldiwuchuku@gmail.com
SBN: 181726

DONALD E. IWUCHUKU, Esq.
Attorney for Debtor

## UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>JOE LOPEZ, JR.,<br><br>Debtor. | Case No.: 1:20-bk-11045-VK<br><br>Chapter 13<br><br>**EMERGENCY MOTION AND MOTION FOR ORDER TO RECONSIDER THIS COURT'S ORDER DISMISSING CASE AND REINSTATE CASE;**<br><br>**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF;**<br><br>**DECLARATION OF DONALD IWUCHUKU, ESQ. IN SUPPORT THEREOF**<br><br>Date:  TBD<br>Time:  TBD<br>Place:  Courtroom 301 |

**TO: THE HONORABLE VICTORIA S. KAUFMAN, UNITED STATES BANKRUPTCY JUDGE;**

**ALL CREDITORS AND THEIR ATTORNEY OF RECORD; THE STANDING TRUSTEE; AND ALL**

**OTHER INTERESTED PARTIES:**

**COMES NOW** the debtor, JOE LOPEZ, JR. (hereinafter "Debtor"), by and through counsel, and does hereby move this Court on an emergency basis pursuant to Local Bankruptcy Rule 9013-1 and Local Bankruptcy Rule 9075-1 for an Order to Reconsider this Court's Order Dismissing Debtor's instant Chapter 13 Case and Reinstating the Case.

1   This matter is brought on an emergency basis because the debtor's case was filed in good faith in order to reorganize her liabilities in this confirmed Chapter 13 Plan.  Presently, Debtor's real property commonly known as 9691 Elon Ave., Pacoima, CA 91331 ("subject property"), is Debtor's home.  At the time the instant bankruptcy case was filed, a Trustee's Sale was scheduled for July 6, 2020.  **Presently, there is a scheduled FORECLOSURE TRUSTEE'S SALE set for OCTOBER 21, 2020.**  Thus, Debtor will suffer permanent and irreparable harm if this matter is not heard before the Trustee's Sale is conducted against the subject property.

The instant case was originally filed on June 10, 2020 and the confirmation hearing was continued to October 6, 2020.

On October 6, 2020, Debtor sent a text message to Debtor's counsel's bankruptcy paralegal attaching TWO (2) cashier's checks in the sum of $1,245.00 each, payable to the Chapter 13 Trustee, representing the September 2020 and October 2020 plan payments.  Although counsel's paralegal forwarded the text message to Debtor's counsel, he did not notice the text message until after the Confirmation Hearing was held.  Debtor's counsel did not send Ms. Besecker a copy of Debtor's 2 plan payments and did not inform this Honorable Court that BOTH plan payments had been mailed to the Trustee's lock box on or before the Confirmation Hearing.

The court dismissed the instant case solely based on mistake, inadvertence and excusable neglect of Debtor's counsel's failure to inform this Honorable Court that Debtor was CURRENT with his Plan Payments by remitting 2 Plan payments as shown herein.  In fact, Debtor was only due for ONE (1) Plan Payment on October 6, 2020.  But for this honest mistake, Debtor's case would have been confirmed since there were no other outstanding issues left to resolve.

We pray to the court to reconsider the order dismissing this case and reinstate it prior to the foreclosure sale of Debtor's home set for October 21, 2010.  Debtor should not be punished for Debtor's counsel's inadvertence.  Debtor shall suffer extensive irreparable harm if this motion is not granted.

This motion will be made based on this Motion, the attached Memorandum of Points and Authorities, the Declaration of Donald Iwuchuku, Esq., and all pleadings and papers on file in this case, and on the records and filed herein, and on any such oral and documentary evidence which may be presented at the hearing of the motion.

Respectfully Submitted,

LAW OFFICE OF DONALD E. IWUCHUKU

Dated: October 13, 2020               BY:    __/s/ DONALD E. IWUCHUKU_____
                                              DONALD E. IWUCHUKU, ESQ.
                                              Attorney for Debtor
                                              JOE LOPEZ, JR.

Case 1:20-bk-11045-VK    Doc 27    Filed 10/13/20    Entered 10/13/20 21:55:39    Desc
Main Document    Page 3 of 15

EMERGENCY MOTION AND MOTION FOR ORDER TO RECONSIDER THIS COURT'S ORDER
DISMISSING DEBTOR'S CHAPTER 13 BANKRUPTCY AND REINSTATE CASE

Donald E Iwuchuku, Esq.
**LAW OFFICES OF DONALD IWUCHUKWU**
21550 Oxnard St., 3rd Floor
Woodland Hills, CA 91367
Tel: 213-380-4144
Fax: 213-380-6061 / 888-441-8493
Email: donaldiwuchuku@gmail.com
SBN: 181726

DONALD E. IWUCHUKU, Esq.
Attorney for Debtor

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re<br><br>JOE LOPEZ, JR.,<br><br>Debtor. | Case No.: 1:20-bk-11045-VK<br><br>Chapter 13<br><br>**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEBTOR'S EMERGENCY MOTION AND MOTION FOR ORDER TO RECONSIDER THIS COURT'S ORDER DISMISSING CASE**<br><br>Date:   TBD<br>Time:   TBD<br>Place:  Courtroom 301 |

## INTRODUCTION

JOE LOPEZ, JR. (hereinafter "Debtor"), filed the instant case to reorganize his liabilities and save his home from foreclosure. **Presently, there is a scheduled FORECLOSURE TRUSTEE'S SALE set for OCTOBER 21, 2020** (*See* **EXHIBIT 1**).  The instant case was originally filed on June 10, 2020 and the confirmation hearing was continued to October 6, 2020.

On October 6, 2020, Debtor sent a text message to Debtor's counsel's bankruptcy paralegal attaching TWO (2) cashier's checks in the sum of $1,245.00 each, payable to the Chapter 13 Trustee, representing the September 2020 (*See* **EXHIBIT 2**) and October 2020 plan payments (*See* **EXHIBIT 3**).  Although counsel's paralegal forwarded the text message to Debtor's counsel, he did not notice the text message until after the Confirmation Hearing was held.

Consequently, Debtor's counsel did not send Ms. Besecker a copy of Debtor's 2 plan payments and did not inform this Honorable Court that BOTH plan payments had been mailed to the Trustee's lock box on or before the Confirmation Hearing.

The court dismissed the instant case solely based on mistake, inadvertence and excusable neglect of Debtor's counsel's failure to inform this Honorable Court that Debtor was CURRENT with his Plan Payments by remitting 2 Plan payments as shown herein. In fact, Debtor was only due for ONE (1) Plan Payment on October 6, 2020. Moreover, Debtor had tendered his August & September 2020 post-petition mortgage payments timely and was in his grace period for the October 2020 post-petition mortgage payment when Debtor's counsel's bankruptcy software was corrupted and unusable. Debtor's counsel was unable to resolve the corrupted software necessary to draft and have Debtor sign the required mortgage declaration until after the confirmation hearing. However, Debtor's counsel informed the Chapter 13 Trustee that the mortgage payments were current notwithstanding being unable to file the mortgage declaration due to this technical problem. But for this honest mistake, Debtor's case would have been confirmed since there were no other outstanding issues left to resolve.

The instant case was Debtor's 2nd bankruptcy pending within the past 12-months. On July 21, 2020, this Honorable Court entered an Order granting Debtor's Motion to Impose or Continue the Automatic Stay[1] having found that the instant bankruptcy case was filed in good faith.

Debtor and Debtor's counsel hereby pray this Honorable Court reconsider its' order entered October 7, 2020 in dismissing the instant case due to counsel's inadvertence, mistake and excusable neglect. Such a relief would enable Debtor to proceed in good faith with this case, not prejudice Debtor in having to re-file and require a separate motion to continue/impose the stay, best serve the intent of the Bankruptcy Code, and most importantly, prevent the foreclosure sale of Debtor's home on October 21, 2020.

///
///
///
///

---

[1] On 6/11/2020, Debtor filed a Notice of Motion and Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay ("Motion") (dkt. #7). The Motion was set for hearing on 7/1/2020 and no one opposed the Motion.

**ARGUMENTS**

**THE ORDER OF DISMISSAL RESULTS FROM MISTAKE,**

**INADVERTENCE, SURPRISE OR EXCUSABLE NEGLECT**

Under Fed. R. Civ. Proc., Rule 60(b)(1), made applicable to this action through Fed. R. Bankr. Proc., Rule 9024, the Court may set aside its dismissal order under these circumstances, as follows:

> "On motion and upon such terms as just, the Court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect..."

In the instant case, the court continued the confirmation hearing to October 6, 2020. Debtor was only due for ONE (1) Plan Payment on October 6, 2020. Moreover, Debtor had tendered his August & September 2020 post-petition mortgage payments and was in his grace period for the October 2020 post-petition mortgage payment when Debtor's counsel's bankruptcy software was corrupted and unusable. Debtor's counsel was unable to fix and restore the corrupted software necessary to draft and have Debtor sign the required mortgage declaration until after the confirmation hearing. However, Debtor's counsel informed the Chapter 13 Trustee on the day of the confirmation hearing that the mortgage payments were current notwithstanding being unable to file the mortgage declaration due to this technical problem. But for this honest mistake, Debtor's case would have been confirmed since there were no other outstanding issues left to resolve.

Clearly, based on the totality of these circumstances, this constitutes "mistake, inadvertence, surprise, or excusable neglect." The dismissal should be vacated and the instant case should be reinstated.

**THE BANKRUPTCY COURT HAS BROAD EQUITABLE POWERS AND**

**MAY FASHION A REMEDY TO ACHIEVE AN EQUITABLE RESULT**

The equities compel vacation of the dismissal and reinstatement of the instant case.

11 U.S.C. § 105(a) provides relevantly,

> "The Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

The intent of Chapter 13 under Title 11 of the U.S. Code is ultimately to provide a debtor with the ability to reorganize his indebtedness in a structured plan. Debtor's intent in the instant case was exactly what the Code was meant to do… reorganize debt and save his home from foreclosure.

However, due to the inadvertence, excusable neglect and honest mistake as explained hereinabove, **Debtor now faces Trustee's Sale on OCTOBER 21, 2020 if this matter is not considered in an emergency basis.**

In the interest of justice, a more equitable result would be to allow this Debtor to reinstate the instant case and allow the Chapter 13 Trustee to post the 2 Plan payments remitted by Debtor AND allow Debtor's counsel to electronically file the mortgage declaration for SEPTEMBER & OCTOBER 2020 so this case and Plan may be confirmed. Consequently, no one is prejudiced, Debtor is not required to re-file a subsequent case which questions his ability to impose the automatic stay already afforded in the instant case and expedites the prosecution of the discharge process.

## NO PARTY WILL BE PREJUDICED BY VACATING THE ORDER OF DISMISSAL

The Ninth Circuit has previously held that, "A Bankruptcy Court has continuous powers to vacate or modify its own orders, if no intervening or vested rights are disturbed." In re: Casaudoumecq 46 F.Supp. 718, 723 (S.D. Cal. 1942), citing Federal Land Bank v. Hansen, 113 F.2d 82; Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131; In re: Price, 99 F.2d 691; and cited with approval in In re: Johns Clay & Co., 43 B.R. 797, 806-07 (Bankr. D. Utah, 1984).

In this case, the only issue was tender of 1 plan payment and filing the August & September 2020 mortgage declaration, which was done but not shown to the Chapter 13 Trustee or this Honorable Court based on mistake, inadvertence and excusable neglect. So long as this matter is heard and an order entered forthwith, no party will be prejudiced or will have substantially changed their position since entry of the dismissal order.

## CONCLUSION

Debtor and Debtor's counsel pray this Honorable Court reconsider its' ruling and vacate the dismissal resulting from Debtor's counsel's failure to properly show Debtor was, in fact, current with his Plan and Mortgage payments. The moving parties hereby ask this Honorable Court to consider that Debtor has tendered his September & October 2020 plan payments and allowed to e-file the mortgage declaration for August 2020 – October 2020. Vacating the dismissal order would provide Debtor the opportunity to reorganize his debts and prevent the foreclosure sale of Debtor's home. Such an order would further the rehabilitative intent of Chapter 13.

Respectfully Submitted,

LAW OFFICE OF DONALD E. IWUCHUKU

Dated: October 13, 2020        BY:    __/s/ DONALD E. IWUCHUKU____
                                                              DONALD E. IWUCHUKU, ESQ.
                                                              Attorney for Debtor
                                                              JOE LOPEZ, JR.

Donald E Iwuchuku, Esq.
**LAW OFFICES OF DONALD IWUCHUKWU**
21550 Oxnard St., 3rd Floor
Woodland Hills, CA 91367
Tel: 213-380-4144
Fax: 213-380-6061 / 888-441-8493
Email: donaldiwuchuku@gmail.com
SBN: 181726

DONALD E. IWUCHUKU, Esq.
Attorney for Debtor

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re<br><br>JOE LOPEZ, JR.,<br><br>Debtor. | Case No.: 1:20-bk-11045-VK<br><br>Chapter 13<br><br>**DECLARATION OF DONALD IWUCHUKU, ESQ. IN SUPPORT OF DEBTOR'S EMERGENCY MOTION AND MOTION FOR ORDER TO RECONSIDER THIS COURT'S ORDER DISMISSING CASE**<br><br>Date:  TBD<br>Time:  TBD<br>Place:  Courtroom 301 |

I, DONALD IWUCHUKU, ESQ., hereby declare as follows:

1. That I am the debtor's counsel in this case filed with this Honorable Court.

2. I am an attorney licensed to practice law in the State of California and before this Honorable Court.

3. The instant case was originally filed on June 10, 2020.

4. This motion is brought on an emergency basis because Debtor's home is presently threatened with foreclosure sale scheduled for OCTOBER 21, 2020 (*See* **EXHIBIT 1**).

5. On October 6, 2020, Debtor sent a text message to my bankruptcy paralegal attaching TWO (2) cashier's checks in the sum of $1,245.00 each, payable to the Chapter 13 Trustee, representing the September 2020 (*See* **EXHIBIT 2**) and October 2020 plan payments (*See* **EXHIBIT 3)**.

6. Although my paralegal forwarded the text message to me, I did not notice the text message until after the Confirmation Hearing was held.

7. As a result, I did not send Ms. Besecker a copy of Debtor's 2 plan payments and did not inform this Honorable Court that BOTH plan payments had been mailed to the Trustee's lock box the day before this Confirmation Hearing.

8. Due to my mistake, inadvertence and excusable neglect resulting from my failure to notice Debtor had, in fact, sent me a copy of his 2 plan payments representing September & October 2020, the instant case was dismissed. In fact, Debtor was only due for ONE (1) Plan Payment on October 6, 2020.

9. Moreover, Debtor had tendered his August & September 2020 post-petition mortgage payments timely and was in his grace period for the October 2020 post-petition mortgage payment when my bankruptcy software was corrupted and unusable (*See* **EXHIBIT 4)**.

10. I was unable to resolve the corrupted software necessary to draft and have Debtor sign the required mortgage declaration until after the confirmation hearing. However, I informed the Chapter 13 Trustee that the mortgage payments were current notwithstanding being unable to file the mortgage declaration due to this technical problem.

11. The instant case was Debtor's 2nd bankruptcy pending within the past 12-months. On July 21, 2020, this Honorable Court entered an Order granting Debtor's Motion to Impose or Continue the Automatic Stay having found that the instant bankruptcy case was filed in good faith.

12. I pray this Honorable Court reconsider its' order entered October 7, 2020 in dismissing the instant case due to my inadvertence, mistake and excusable neglect.

I declare under penalty of perjury under the laws of California that the above is true and correct and that this declaration was completed this 13th day of October 2020 in Woodland Hills, California.

/s/ Donald Iwuchuku, Esq.
DONALD IWUCHUKU, ESQ.

Donald E Iwuchuku, Esq.
**LAW OFFICES OF DONALD IWUCHUKWU**
21550 Oxnard St., 3rd Floor
Woodland Hills, CA 91367
Tel: 213-380-4144
Fax: 213-380-6061 / 888-441-8493
Email: donaldiwuchuku@gmail.com
SBN: 181726

DONALD E. IWUCHUKU, Esq.
Attorney for Debtor

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>JOE LOPEZ, JR.,<br><br>Debtor. | Case No.: 1:20-bk-11045-VK<br><br>Chapter 13<br><br>**DECLARATION OF EDISON A. CASTRO IN SUPPORT OF DEBTOR'S EMERGENCY MOTION AND MOTION FOR ORDER TO RECONSIDER THIS COURT'S ORDER DISMISSING CASE**<br><br>Date:   TBD<br>Time:  TBD<br>Place:  Courtroom 301 |

I, EDISON A. CASTRO, hereby declare as follows:

1.      I am not a party to this case.

2.      I am Mr. Donald Iwuchuku's bankruptcy paralegal.

3.      On October 6, 2020, Debtor sent me a text message attaching TWO (2) cashier's checks in the sum of $1,245.00 each, payable to the Chapter 13 Trustee, representing the September 2020 (*See* **EXHIBIT 2**) and October 2020 plan payments (*See* **EXHIBIT 3)**.

4.     On October 6, 2020 at approximately 7:22AM, I forwarded Debtor's text message to Mr. Iwuchuku. However, that morning I was sitting for the 2nd day of the CA Bar Exam and as a result, I did not follow up my text with a call to Mr. Iwuchuku.

5.     Based on my knowledge and reasonable belief, I thereon allege that Mr. Iwuchuku did not notice my text message until after the confirmation hearing was held in this case.

6.     Moreover, Debtor had informed me that he tendered his August & September 2020 post-petition mortgage payments timely and was in his grace period for the October 2020 post-petition mortgage payment when the office bankruptcy software was corrupted and unusable.

I declare under penalty of perjury under the laws of California that the above is true and correct and that this declaration was completed this 13th day of October 2020 in Woodland Hills, California.

                                                ____(see attached)_____
                                                Edison A. Castro, J.D.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**LAW OFFICE OF DONALD E. IWUCHUKU**
21550 Oxnard St, 3rd Floor
Woodland Hills, CA 91367

A true and correct copy of the foregoing document described **EMERGENCY MOTION AND MOTION FOR ORDER TO RECONSIDER THIS COURT'S ORDER DISMISSING CASE AND REINSTATE CASE; MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION OF DONALD IWUCHUKU, ESQ. IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On __10/13/2020__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Jenelle C Arnold on behalf of Creditor DEUTSCHE BANK TRUST COMPANY AMERICAS, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-QO1**
ecfcacb@aldridgepite.com, jarnold@ecf.courtdrive.com

**Donald E Iwuchuku on behalf of Debtor Marisol V. Perez**
donaldiwuchuku@gmail.com, r60703@notify.bestcase.com

**Raymond Jereza on behalf of Interested Party Courtesy NEF**
ecfcacb@aldridgepite.com, rjereza@ecf.inforuptcy.com

**Elizabeth (SV) F Rojas (TR)**
cacb_ecf_sv@ch13wla.com

**United States Trustee (SV)**
ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On __10/13/2020__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**JOE LOPEZ, JR.**
**9691 Elon Ave.**
**Pacoima, CA 91331**

**DEUTSCHE BANK TRUST COMPANY AMERICAS, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-QO1**
c/o Nationstar Mortgage LLC
dba Mr. Cooper
PO Box 619096
Dallas TX 75261-9741

**Wheels Financial Group, LLC**
**Dba 1-800LoanMart**
**15400 Sherman Way, Ste 170**
**Van Nuys. CA  91406**

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **10/13/2020** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

**Hon. VICTORIA S. KAUFMAN**
U.S. Bankruptcy Judge
21041 Burbank Bl., Courtroom 301
Woodland Hills, CA  91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 10/13/2020 | DONALD E. IWUCHUKU | /s/ DONALD E. IWUCHUKU |
|---|---|---|
| *Date* | *Type Name* | *Signature* |